HARRY P. LEU, INC., a corporation, *Appellant*, vs. SEABOARD
AIR LINE RAILROAD, a corporation, *Appellee.*

145 So. 869.

Division B.

Opinion filed January 4, 1933.

*Tilden & Hays* and *Dickinson & Dickinson*, for Appel-
lant;

*Fleming & Fleming*, for Appellee.

PER CURIAM. — The appellee, as complainant below brought the instant suit to quiet title to certain lands more specifically described in the bill of complaint. A demurrer to the bill was overruled and on appeal that order was affirmed. Harry P. Leu, Inc. vs. S. A. L. Ry. Co., 97 Fla. 638, 121 So. 808. The mandate went down, the defendant answered, and a motion to strike portions of the answer was granted in part with leave to amend. A demurrer to the answer as amended was sustained and this appeal is from that decree.

The demurrer to the answer as amended was predicated on chapter 13660 Laws of Fla., Acts of 1929 which substitutes a demurrer in the place of exceptions for insufficiency in the answer and provides that the demurrer may go to the whole or any portion of the answer. Five errors are assigned and brought here for determination. Four of them go to portions of the answer as amended and the fifth goes to the amended answer as a whole.

All of these assignments raise questions of adjective law and are typical instances for the application of the statute on which the demurrer to the answer was grounded. We have examined the pleadings with reference to each of them and it is not made to appear that reversible error was committed. The judgment below is therefore affirmed.

Affirmed.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., concurs in the opinion and judgment.

ELLIS, J., dissents.

BROWN, J., not participating.

ELLIS, J., dissenting.—I do not understand the phrase in the last paragraph of the opinion as follows: "All of these assignments raise questions of adjective law and are typical instances for the application of the statute on which the demurrer to the answer was grounded."

I think that the amended answer sought to set up the de-

fense of adverse possession to a portion of the land involved, or an easement upon the property acquired by actual user sufficiently long to establish a right by prescription. I do not understand such questions to be questions of adjective law, nor is it clear to me how the assignments of error could be typical instances for the application of the new chancery act. I think the demurrer to the answer should not have been sustained as to the proposed lease to Baker & Holmes Company and the latter's ability to see that the defendant was in possession. While the averment constituted no defense it was just as relevant as the allegation in the bill as to complainants' proposed lease to that Company. The entire amended answer was eliminated by the ruling on the demurrer. Appellant assigns as error particularly that portion of the order sustaining the demurrer to the defense of a right of way or easement acquired over the land by long continued use and therefore adverse. As to that portion of the answer relating to the defendant's request for a jury trial, the same was not a defense. It was a mere request and not harmful nor impertinent. It was a bit of surplusage. I think the court erred in sustaining the demurrer to the entire answer.